MCGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
ROSS PEARSON
MICHAEL G. TIERNEY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON GUEVARA, ET AL.,<br><br>Defendants. | CASE NO. 1:18-CR-00207-NONE<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: February 5, 2021<br>TIME: 8:30 a.m.<br>COURT: Hon. Dale A. Drozd |

At the last hearing in this matter, the Court vacated the trial in this case in light of the COVID-19 pandemic and set the case for status conference regarding motions and trial setting on February 5, 2021. The parties now stipulate to continue the status conference to April 30, 2021, and to exclude time between February 5, 2021, and April 30, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders,

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 5, 2021.

2. By this stipulation, the parties move to continue the status conference until April 30, 2021, and to exclude time between February 5, 2021, and April 30, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery in this case is voluminous. To date, the government has produced over 2,500 pages of wiretap applications and orders; 75 reports from the Fresno Sheriff's Office and the California Department of Justice; wiretap data, pen register data, and precise location data totaling 186,000 files or 45 gigabytes of data; search warrant photos for multiple locations, totaling over 8 gigabytes of data; surveillance footage; criminal histories; interview reports and audio; almost 900 reports from FBI, HSI, and California Department of Justice; search warrants; forensic reports (as the forensic reports are completed); approximately 75 cell phone reports, consisting of half a terabyte of data; returns from Facebook search warrants; and additional translations and transcriptions of intercepted calls and messages. In addition, since the last hearing in this matter, counsel for the defendants have made additional discovery requests that the United States is reviewing. The United States also anticipates that it will produce additional discovery as trial approaches pursuant to the Jencks Act.

    b) Counsel for defendants desire additional time to review this discovery and the

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

current charges; to conduct investigation and research related to the charges and potential sentencing factors; to discuss the discovery, charges, and potential resolutions and to otherwise prepare for trial.

c) Counsel for the defendants believe that the failure to grant the requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 5, 2021 to April 30, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

g) In addition, this case involves six remaining defendants and two charges—a multi-year drug conspiracy and a charge of violent crime in aid of racketeering— and wiretaps of over 30 different phones and twenty different Facebook accounts. The government estimates that it will take at least nine trial days to try this case, and the trial will involve several hundreds of intercepted messages and calls, testimony from dozens of witnesses, multiple expert witnesses, and surveillance from several different days in different parts of the state.

h) Counsel for the defendants and the government therefore believe that this case is so complex, due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation in the time allotted by the Speedy Trial Act. Therefore, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 5, 2021 to April 30, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) because it results

from a continuance granted by the Court in a case that is so complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation in the time allotted by the Speedy Trial Act, and therefore the ends of justice served by taking such action outweigh the best interest of the public and the defendants.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 27, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ ROSS PEARSON
ROSS PEARSON
Assistant United States Attorney

Dated:  January 28, 2021

/s/ BARBARA H. O'NEILL
BARBARA H. O'NEILL
Counsel for Defendant
JEFFERSON GUEVARA
(authorized by email on January 28, 2021)

Dated:  January 28, 2021

/s/ MICHAEL J. AED
MICHAEL J. AED
Counsel for Defendant
EVER MEMBRENO
(authorized by email on January 28, 2021)

Dated:  January 28, 2021

/s/ W. SCOTT QUINLAN
W. SCOTT QUINLAN
Counsel for Defendant
LORENZO AMADOR
(authorized by email on January 28, 2021)

| | |
|---|---|
| Dated: January 27, 2021 | /s/ JOHN F. GARLAND<br>JOHN F. GARLAND<br>Counsel for Defendant<br>DENIS RODOLFO ALFARO-TORRES<br>(authorized by email on January 27, 2021) |
| Dated: January 28, 2021 | /s/ NICCO CAPOZZI<br>NICCO CAPOZZI<br>Counsel for Defendant<br>SANTOS BONILLA<br>(authorized by email on January 28, 2021) |
| Dated: January 28, 2021 | /s/ DANIEL L. HARRALSON<br>DANIEL L. HARRALSON<br>Counsel for Defendant<br>CHRISTIAN HIDALGO<br>(authorized by email on January 28, 2021) |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **January 29, 2021**                    _Dale A. Drozd_
                                                  UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

6

Dated: January 27, 2021

/s/ JOHN F. GARLAND
JOHN F. GARLAND
Counsel for Defendant
DENIS RODOLFO ALFARO-TORRES
(authorized by email on January 27, 2021)

Dated: January 28, 2021

/s/ NICCO CAPOZZI
NICCO CAPOZZI
Counsel for Defendant
SANTOS BONILLA
(authorized by email on January 28, 2021)

Dated: January 28, 2021

/s/ DANIEL L. HARRALSON
DANIEL L. HARRALSON
Counsel for Defendant
CHRISTIAN HIDALGO
(authorized by email on January 28, 2021)

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **January 29, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

6